UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID ORMSBY, et al.                                                                                    PLAINTIFFS

v.                                          No. 5:20-cv-05019

CELLCO PARTNERSHIP, et al.                                                                      DEFENDANTS

## OPINION AND ORDER

On October 7, 2019, Plaintiffs filed a complaint in Benton County Circuit Court for breach of contract and fraud. Plaintiffs filed an amended complaint on December 13, 2019, and added claims for breach of good faith and fair dealing and deceptive trade practices. On January 21, 2020, Separate Defendant Cellco Partnership removed the action to this Court on the basis of federal question jurisdiction, arguing that Plaintiffs' claims are completely preempted by the Fair Credit Report Act ("FCRA"). Plaintiffs filed a motion to remand (Doc. 6) and brief in support. Defendant Cellco Partnership has not filed a response, but no response is necessary. Plaintiffs' motion will be GRANTED.

Defendant removed this case pursuant to 28 U.S.C. § 1331, arguing that claims within the amended complaint arise under federal law. There is no question that all the claims in the amended complaint are based on Arkansas state law. However, Defendant contends that because Plaintiffs seek damages for the negative impact on their credit rating, their claims are completely preempted by the FCRA.

A party must file a notice of removal within 30 days after receipt of the pleading from which federal jurisdiction "may be first ascertained." 28 U.S.C. § 1446(b)(3); *Davis Neurology PA v. DoctorDirectory.com LLC*, 896 F.3d 872, 875 (8th Cir. 2018) ("The time limit on removal . . . depends on the date when it may "first be ascertained" that a case is "removable."). Defendant

contends federal jurisdiction exists by virtue of the damages sought in the amended complaint. However, the original complaint alleges the same damages associated with Plaintiffs' negative credit rating. The federal question upon which Defendant relies was first ascertainable in the original complaint. Plaintiffs filed the original complaint in state court on October 7, 2019, and served[1] Defendant on October 13, 2019. Thus, Defendant's deadline to file a notice of removal was November 13, 2019—30 days after service of the original complaint. 28 U.S.C. § 1446(b). Because Defendant filed a notice of removal on January 21, 2020, removal is untimely.

However, even if Defendant had filed a timely notice of removal, the Court lacks subject matter jurisdiction over the case. Relying on *Arnold v. Navient Sols., LLC*, 2018 WL 6671542, at \*2-3 (N.D.N.Y. Dec. 19, 2018), Defendant asserts that Plaintiffs' state-law claims are completely preempted by the FCRA. The Court disagrees. The plaintiff in *Arnold* sought injunctive relief for the defendant's allegedly unlawful reporting practices. *Id.* at \*2-3. Here, Plaintiffs do not complain of Defendant's reporting practices. Instead, Plaintiffs seek damages flowing from Defendant's alleged breach of contract, fraud, and/or deceptive trade practices. Simply seeking damages associated with a negative credit rating—where there is no allegation that the rating is the result of unlawful reporting practices—does not convert an otherwise state law claim into one arising under federal law. Whether Plaintiffs are entitled to these damages will be governed exclusively by state law, so there is no federal question at issue.

IT IS THEREFORE ORDERED that Plaintiffs' motion (Doc. 6) to remand is GRANTED and this case is remanded to the Circuit Court of Benton County.

---

[1] The Court takes judicial notice of the affidavit of service filed in state court on October 22, 2019. *Ormsby, et al. v. Cellco Patnership, et al.*, No. 04CV-19-2485-2, *Affidavit for Return of Service* (Oct. 22, 2019).

IT IS SO ORDERED this 12th day of February, 2020.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE